UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALONE SINGLETON WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION; MONARCH RECOVERY MANAGEMENT INC.,<br><br>Defendants. | CASE NO. 2:26-cv-01766-JHC<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff Malone Singleton Williams's Motion for Order Authorizing Alternative Service. *See* Dkt. # 24. For the reasons below, the Court DENIES the motion.

When this Court denied Defendants' motion to dismiss without prejudice, it noted that Plaintiff's service on Defendants was defective because (1) Plaintiff attempted service by certified mail only; (2) the summons delivered to U.S. Bank was unsigned; and (3) the complaint delivered to U.S. Bank differs from the filed complaint. *See* Dkt. # 22 at 1. The Court provided Plaintiff until July 31, 2026, to cure those defects and properly serve Defendants. *Id.*

Plaintiff now moves for leave to effect alternative service of process. *See* Dkt. # 24. But Plaintiff's summonses remain deficient.

First, his proposed summonses do not include copies of the operative complaint. Plaintiff must file a praecipe on the docket with the proposed summonses and the operative complaint, currently filed at Dkt. # 1-2.

Second, Plaintiff has prepared summonses for entities not named in the operative complaint. While he includes summonses for the two captioned Defendants, he also includes summonses for three entities not named in the complaint, whom he has also listed in his motion caption: Equifax Information Services LLC, TransUnion LLC, and Experian Information Solutions, Inc. *See* Dkt. # 24-3, 24-4, 24-5. If Plaintiff wishes to serve these other entities, he must seek to amend his complaint to name them as Defendants. Plaintiff is permitted to serve only the Defendants listed in the complaint. Plaintiff may renew his motion for alternative service after he cures these defects.

Third, Plaintiff is only permitted to effect service by mail on Defendants if their registered agents "cannot with reasonable diligence be served" personally. *See* RCW 23.95.450(1), (2). Plaintiff's basis for showing reasonable diligence is a declaration stating that he "attempted to effectuate service of process on Defendants but was notified by the Court that service was defective." *See* Dkt. # 24-1 ¶ 2. He also says that, because Defendants "are large corporate entities with multiple locations and registered agents," personal service is "burdensome and impracticable." *Id.* ¶ 3. But the Court notes that he must still show that he attempted to serve Defendants in the manner proscribed by RCW 23.95.450(1). *See Dodo Int'l, Inc. v. Parker*, 2021 WL 662344, at *2 (W.D. Wash. Feb. 19, 2021) (concluding that the plaintiffs had not shown any "effort to locate and serve" a defendant, denying leave to serve by mail; collecting cases). Should Plaintiff renew his motion to effect alternative service of process, he will need to offer more than a simple statement that he tried and failed.

Dated this 4th day of August, 2026.

John H. Chun

John H. Chun
United States District Judge